UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                              Case No.:   3:05-cr-001-HES-MCR

JAMES CHARLES JONES, JR.,

_____/

## ORDER

Defendant James Charles Jones, Jr., is a 72-year-old inmate incarcerated at Jesup FCI, serving a 24-month term of imprisonment for violating the conditions of supervised release. (Doc. 105, Judgment of Revocation; Doc. 139, Order Reducing Sentence). Until recently, Jones was also serving a 180-month term of imprisonment in Case No. 3:09-cr-131-HES-MCR for five convictions related to a conspiracy to distribute cocaine and cocaine base. On July 21, 2021, the Court reduced that 180-month prison sentence to time-served based on Section 404 of the First Step Act. (Case No. 3:09-cr-131-HES-MCR-2, D.E. 283). As a result, since July 21, 2021, Jones has been serving the 24-month term of imprisonment in Case No. 3:05-cr-001 for violating the terms of supervised release (based on the same conduct that led to the convictions in 3:09-cr-131). According to the Bureau of Prisons (BOP), Jones is scheduled to be released on April 4, 2023.

Jones, through appointed counsel, moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A) because he is over 65 years old, he is experiencing a serious deterioration in physical or mental health because of the aging process, and he has served more than 10 years in prison. (Docs. 141, 145, Renewed Motion for Compassionate Release); see U.S.S.G. § 1B1.13, cmt. 1(B). According to the Renewed Motion and the medical records, Jones suffers from hypertension, prostatic hypertrophy, hyperlipidemia, diverticulosis (an intestinal disorder), stage 2 chronic kidney disease, shoulder pain, and vision issues. Following his recovery from a Covid-19 infection in July 2020, he also reports periodic shortness of breath (although not associated with exertion). (Doc. 145-1 at 1, 5). Notably, Jones has incurred no disciplinary infractions during his more than 12 years in custody. (Doc. 145 at 12).

The United States responded in opposition. (Doc. 146). The government argues that the Covid-19 pandemic does not justify granting Jones compassionate release and that Jones does not have a "serious medical condition" under U.S.S.G. § 1B1.13, Application Note 1(A). But the government responds to arguments Jones did not advance. As Jones reminds the Court in his Reply brief (Doc. 149), he seeks compassionate release based on the "old age" provision in § 1B1.13, Application Note 1(B), which has different criteria.

On December 1, 2021, the Court conducted a hearing on the Renewed Motion to hear arguments from both sides. (Doc. 151, Minute Entry). Having

considered the parties' arguments, and based on Jones's age, health, length of time in prison, and good behavior, the Court concludes that compassionate release is warranted.

I.  Law

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, as amended by the First Step Act, § 3582(c) provides:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that ... extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

The relevant policy statement is U.S.S.G. § 1B1.13. The policy statement provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—

3

> **(1)(A)** Extraordinary and compelling reasons warrant the reduction; or
>
> **(B)** The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
> **(2)** The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> **(3)** The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. The application notes define four circumstances that qualify as "extraordinary and compelling reasons" for a reduction in sentence: (A) a terminal illness or a serious medical condition, (B) old age, (C) certain family circumstances, and (D) other reasons, other than or in combination with those listed in (A) through (C), as determined by the BOP Director. U.S.S.G. § 1B1.13, cmt. 1. The Eleventh Circuit has held that § 1B1.13's substantive criteria govern motions for compassionate release filed by the BOP and defendants alike. United States v. Bryant, 996 F.3d 1243, 1247–48 (11th Cir. 2021); see also United States v. Giron, 15 F.4th 1343, 1346 (11th Cir. 2021). The Eleventh Circuit has also held that "Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." Bryant, 996 F.3d at 1248.

"[B]y dint of § 3582(c)(1)(A)'s plain text, a district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and … (3) doing

so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." United States v. Tinker, 14 F.4th 1234, 1237 (11th Cir. 2021). However, "nothing on the face of 18 U.S.C. § 3582(c)(1)(A) requires a court to conduct the compassionate release analysis in any particular order." Id. "Because all three conditions – i.e., support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement – are necessary, the absence of even one would foreclose a sentence reduction." Id. at 1237–38.

## II. Discussion

### 1. Jones demonstrates "extraordinary and compelling reasons"

Under the policy statement, a defendant can establish extraordinary and compelling reasons for a sentence reduction based on advanced age if he or she satisfies three conditions: (i) the defendant is at least 65 years old; (ii) the defendant "is experiencing a serious deterioration in physical or mental health because of the aging process"; and (iii) the defendant "has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13, cmt. 1(B). Notably, while Application Note 1(B) requires that a defendant be suffering "a serious deterioration in physical or mental health because of the aging process," it does not require that such deterioration "substantially diminish[] the ability of the defendant to provide self-care

5

within the environment of a correctional facility," as Application Note 1(A)(ii) requires.

Jones plainly meets the first and third criteria. He is 72 years old and has served 12 years and eight months in prison (dating from his arrest on April 17, 2009). The other question is whether his medical conditions qualify as a serious deterioration in physical or mental health because of the aging process. They do.

The records reflect that Jones suffers from the following conditions: stage 2 chronic kidney disease, hypertension, benign hypertrophy of the prostate, hyperlipidemia, diverticulosis (an intestinal disorder), shoulder pain requiring injections, and vision issues (including nuclear sclerosis, presbyopia, and other corneal deposits). (Doc. 145 at 1–2, 9; Doc. 145-1). Except for hypertension, Jones has developed each of these conditions over the past 12 years, so reason suggests they are due to the aging process. (See Doc. 145 at 8). In addition, Jones's medical conditions, taken together, constitute a "serious deterioration" in physical health. Chronic kidney disease involves a gradual loss of kidney function. The disease can progress to end-stage kidney failure, which is fatal without dialysis or a kidney transplant. https://www.mayoclinic.org/diseases-conditions/chronic-kidney-disease/symptoms-causes/syc-20354521.    Hypertension and hyperlipidemia, over time, increase the risk of heart attack, stroke, and other serious health conditions, especially among those over the age of 65.

Also noteworthy is the interplay between high blood pressure and kidney disease. High blood pressure can exacerbate kidney disease and accelerate the loss of kidney function. See National Kidney Foundation, High Blood Pressure and Chronic Kidney Disease (2021), https://www.kidney.org/news/newsroom/factsheets/High-Blood-Pressure-and-CKD. On top of these problems, Jones has issues related to joint pain, digestion, and vision loss. Thus, Jones's deteriorating physical health is a serious one. Indeed, other courts have found that elderly defendants with similar conditions met the criteria for § 1B1.13, Application Note 1(B). See, e.g., United States v. Salemo, No. 11-cr-65, 2021 WL 4060354, at *4–5 (S.D.N.Y. Sept. 7, 2021) (concluding that 77-year-old defendant with obesity, COPD, cataracts, and hypertension, and who had completed 129 months of his 162-month prison sentence, had shown extraordinary and compelling reasons under Application Note 1(B)); United States v. Davis, No. 00-cr-424, 2020 WL 1083158, at *2 & n.5 (D. Md. Mar. 5, 2020) (granting compassionate release to 79-year-old defendant with prostate issues, adult-onset diabetes, hypertension, coronary artery disease, atherosclerosis, glaucoma, poor vision, an abdominal aortic aneurysm, and hematuria, among other issues); United States v. Johnson, No. 3:20-cr-25-MMH-PDB, 2020 WL 5513380, at *4 (M.D. Fla. Sept. 14, 2020) (granting compassionate release, based in part on Application Note 1(B), to 80-year old

defendant with chronic kidney disease, high blood pressure, vision loss, and a heart murmur).

The United States argues that the Court must deny the Renewed Motion because nothing has changed since September 29, 2020, when the Court denied Jones's first motion for compassionate release. (See Case No. 3:09-cr-131-HES-MCR-2, D.E. 268 ("First Motion for Compassionate Release"), D.E. 275 ("Order Denying First Motion")). The Court disagrees. Even if nothing had changed, nothing in the text of 18 U.S.C. § 3582(c)(1)(A) or U.S.S.G. § 1B1.13 precludes a defendant, as a matter of law, from renewing a request for compassionate release and a district court from reweighing the circumstances to determine if a sentence reduction is warranted.

Besides, circumstances are different. For one, Jones's first motion for compassionate release was based on grounds different from the Renewed Motion. The first motion focused on the dangers posed by the Covid-19 pandemic, which the Court rejected in large part because Jones had contracted and recovered from Covid-19 only two months earlier. In contrast, the Renewed Motion is based on the "old age" provision, U.S.S.G. § 1B1.13, cmt. 1(B). Second, the first motion for compassionate release did not cite, let alone argue, the applicability of the "old age" provision (§ 1B1.13, Application Note 1(B)), so the Court did not have the benefit of briefing. Although the Court stated in its September 2020 Order, in passing, that Defendant had not shown he was

experiencing a serious deterioration in health because of the aging process (Doc. 275 at 4 (citing U.S.S.G. § 1B1.13, cmt. 1(B)), that statement is best regarded as dicta because Application Note 1(B) was not specifically argued. Third, the Court stated in its September 29, 2020 Order that Jones appeared to have overstated some of his health conditions because (1) his medical records reported that his chronic kidney disease was in remission as of August 11, 2020, and (2) the medical records did not support his claim to have chronic respiratory conditions. Order Denying First Motion at 2–3. But subsequent medical records reflect (or confirm) that Jones suffers from Stage 2 chronic kidney disease as a current condition. (Doc. 145-1 at 8, 11). Fourth, 15 months have passed since the Court denied Jones's first motion for compassionate release. Thus, Jones is now that much older and has served that much more time in prison.

For all of these reasons, the Court is not bound to reach the same result as the September 29, 2020 Order. Jones satisfies the criteria for demonstrating "extraordinary and compelling reasons" under § 1B1.13, Application Note 1(B) because he is over 65, he is suffering a serious deterioration in physical health because of the aging process, and he has served more than 10 years in prison.

### *2. Jones is likely not a danger to another person or the community*

The Court must consider whether Jones is a danger to another person or to the community under U.S.S.G. § 1B1.13(2). The policy statement provides that a court may grant a reduction in sentence only if "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Under § 3142(g), a court must consider four factors: (1) "the nature and circumstances of the offense charged," including whether the offense involved a controlled substance or a firearm, (2) "the weight of the evidence against the person," (3) "the history and characteristics of the person," including family ties, community ties, past conduct and criminal history, and "record concerning appearances at court proceedings," and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

Jones is unlikely to be a danger to another person or to the community. The Court does not minimize the seriousness of his offenses. Jones was the organizer or leader of a significant drug operation that distributed over 700 grams of cocaine base, 83 kilograms of cocaine, and 7.3 kilograms of marijuana. Presentence Investigation Report (PSR) ¶ 31. He had two prior convictions for conspiracy to distribute cocaine or cocaine base as well. Id. ¶ 40. However,

there was no indication that Jones used firearms, violence, or threats of force in connection with the latest offense. Except for a 1986 offense at age 37 when he burglarized a woman's home, threatened her, and "battered the female victim about the head using his hands," id. ¶ 46, Jones lacks a history of violent convictions. Notably, in the instant case, Jones pleaded guilty and expressed remorse. Id. ¶ 28. Although not a justification for the crime, Jones said he dealt drugs to make money for his family, who were essentially homeless, because drug-dealing was what he knew. Id.

Jones's remorse and acceptance of responsibility suggest he is not a danger to the community. Second, Jones's advanced age weighs against a finding of dangerousness. According to data compiled by the United States Sentencing Commission, age significantly reduces the risk of recidivism. The Effects of Aging on Recidivism Among Federal Offenders, at 3, 23, United States Sentencing Commission (2017), available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20171207_Recidivism-Age.pdf. At 72 years old, Jones is in the category of offenders, in terms of age, that is least likely to be rearrested or reconvicted. Third, and significantly, Jones has committed no disciplinary infractions during his more than 12 years in prison (Doc. 145 at 12), a fact that was not brought to the Court's attention in the first motion for compassionate release. This fact reflects rehabilitation on Jones's part and suggests a willingness to comply

11

with the terms of supervised release. Fourth, as shown during the December 1, 2021 hearing, Jones has a large and supportive family. After the hearing, the Court requested that the Probation Office investigate the suitability of Jones's release plan, which is to reside with his wife in Palatka, Florida. The Probation Office investigated the residence and advised the Court that the residence is acceptable. Jones's family ties and ties to the community support a finding that he is not a danger to the community or another person. Finally, the supervision of the Probation Office, coupled with the threat of being reimprisoned if he reoffends, will deter Jones from committing further crimes. Thus, Jones likely is not a danger to the community under § 1B1.13(2).

### *3. The § 3553(a) factors warrant a sentence reduction*

Finally, the Court must weigh whether the § 3553(a) sentencing factors support reducing Jones's 24-month term of imprisonment to time served. As noted earlier, the Court reduced Jones's prison sentence in Case No. 3:09-cr-131 to time served in July 2021. To date, Jones has served approximately 152 months in prison for his offenses, dating from his arrest on April 17, 2009. He has approximately 16 months remaining on his 24-month sentence in Case No. 3:05-cr-001 for having violated the conditions of supervised release.

In light of Jones's age, his 152 months in prison free of disciplinary infractions, and his health conditions, reducing his remaining prison sentence

to time served would not disserve the purposes of sentencing. Spending 152 months in prison is not a light sentence. The Court notes that Jones pled guilty and expressed remorse for his crimes, and he enjoys the support of his family. Having considered all of the § 3553(a) factors, including the need to provide just punishment, promote respect for the law, and afford adequate deterrence, as well as the need to consider the history and characteristics of the defendant and the need to provide the defendant with needed medical care, the Court finds it appropriate to reduce Jones's term of imprisonment to time served.

Accordingly, it is hereby **ORDERED:**

1. Defendant James Charles Jones, Jr.'s Renewed Motion for Compassionate Release (Docs. 141, 145) is **GRANTED**.

2. The Court **reduces** Jones's term of imprisonment to **TIME SERVED plus 14 days** from the date of this Order. This 14-day period is included to give Jones, his family, and the Probation Office time to prepare for his release. In all other respects, Jones's sentence, including any term of supervised release, is unchanged.

**DONE AND ORDERED** at Jacksonville, Florida this 6*I* day of January, 2022.

HARVEY E. SCHLESINGER
United States District Judge

13


Lc 19

<u>Copies:</u>
James Charles Jones, Jr.
Counsel of record
United States Marshals Service
United States Probation Office
Warden, Jesup FCI
Bureau of Prisons, Designation and Sentence Computation Center